UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES D HEBERT et al., | CASE NO. C24-00943-KKE |
| Plaintiff(s), | ORDER GRANTING MOTION TO VACATE AMENDED CASE SCHEDULE AND STAY CASE DEADLINES |
| v. | |
| HARTFORD UNDERWRITERS INSURANCE COMPANY, | |
| Defendant(s). | |

Pending before the Court is the parties' stipulated motion to strike the current case schedule and to stay the case pending completion of Plaintiffs' depositions. Dkt. No. 27. The parties cite a series of health issues faced by Plaintiffs and Plaintiffs' counsel. *Id.* at 2. Because of these medical issues, Defendant's counsel will not be able to take Plaintiffs' depositions by the currently designated discovery deadline, and to date, have not been able to even schedule the depositions. *Id.* While the parties have framed their requested relief as staying the case, the Court finds that a stay of case deadlines is a more accurate characterization, as the parties intend to proceed with discovery as the Plaintiffs are able.

Courts have inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay a case, courts weigh the parties' competing interests, including (1) the possible damage which may result from the stay; (2) hardship or inequity a party may suffer

ORDER GRANTING MOTION TO VACATE AMENDED CASE SCHEDULE AND STAY CASE DEADLINES - 1

if the case moves forward; and (3) any impact to the "orderly course of justice." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

Here, though the motion was filed as a "stipulated" request for relief, Plaintiffs' counsel filed a subsequent declaration identifying numerous areas of disagreement with the statements in the stipulated motion. Dkt. No. 28. The parties are admonished that joint motions should only be labeled as such when the requests are in fact agreed.

The parties' other disagreements notwithstanding, the parties do agree that neither will be prejudiced by a stay of the current schedule. Dkt. No. 27. at 2, 3. Moreover, staying the case deadlines will enable Defendant to depose Plaintiffs when they are physically able "without having to continually go back to the court to request extensions." *Id.* at 3. A stay of the current schedule will allow the parties a meaningful opportunity to complete discovery without additional uncertain amendments to the case schedule. However, the Court will not stay the deadlines indefinitely and will instead require the parties to file a joint status report in 60 days to apprise the Court of their progress.

Finally, to the extent the parties disagree about the manner of taking Plaintiffs' depositions, the Court directs the parties to the Court's discovery dispute resolution procedure. Dkt. 22. Any party may seek relief through this process.

For the reasons stated above, the deadlines in the previous case schedule (Dkt. No. 25) are VACATED. The parties shall file a Joint Status Report in 60 days, apprising the Court as to the parties' progress and whether a new case schedule should be entered.

Dated this 11th day of September, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO VACATE AMENDED CASE SCHEDULE AND STAY CASE DEADLINES - 2